### WEIR & AL. vs. COX.

An endorsee of a bill of exchange, who has no interest in the bill, but endorses it to facilitate its discount, is not always to be considered merely as a surety.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action by the payee of a bill of exchange against the acceptor. The liability of the defendant is set forth in the petition in the usual manner. The answer admits the acceptance, but avers that the bill has long since been paid: that the claim is barred by prescription: and finally, that the plaintiffs have deprived the defendant by their negligence of any recourse against the drawer, or his property, the bill being accepted merely for his accommodation.

The case was submitted to a jury in the inferior court, who found a verdict for the plaintiffs. The court confirmed it, and the defendant appealed.

Several bills of exceptions were taken on

the trial, to the opinions of the judge refusing
the defendant permission to give in evidence,
letters of one of the plaintiffs, letters of the drawer, and the proceedings of the defendant against his creditors for a respite.    They were rejected on the ground of irrelevancy, and no[t] being within the pleadings.    In those cases where the proof was excluded,  because it varied from the defence pleaded, the court was clearly correct; and an attentive perusal of the evidence considered to be irrelevant, has satisfied us that no error was committed in preventing it also, from going to the jury.

The  defendant  requested  the  judge  to charge the jury, "that  when the endorser of a bill of exchange has paid  no value for it, nor been in reality the owner, but has merely endorsed it to accommodate the drawer, and enable him to raise money on it, such endorser, tho' he should pay the bill  after  protest, is to be considered as surety of the drawer, and his rights are  to  be  regulated as such."   The judge refused to  give the opinion to the jury, and the defendant excepted.

We are of opinion the judge did not err in refusing to give such a charge to the jury.  As between the drawer and the payees who had

Eastern Dist
*January* 1829

WEIR & AL.
*vs.*
COX.

agreed to endorse for his accommodation, the contract of suretyship was formed ; as has already been decided in this court in the case of *Nolte & al.* vs. *their creditors.* So also the payees and endorsers became sureties to all persons who might take the bill in the due course of trade. But the engagement of the acceptor was absolute to pay to *them,* and there is nothing in the terms of the obligation, nor we believe in the understanding of the parties, at the time they endorsed it, which creates the slightest presumption they intended to become sureties to the acceptor, or that he honoured the draft on their responsibility; that they were to be bound not only to the persons to whom the bill was to be paid, but also to the person who promised to pay it. When an attempt is made not only to take a negotiable instrument out of the law, merchant, but to give to it a construction directly opposite to its literal meaning, a clear case should be made out of the intention and understanding of the parties. So far from that being the case, we do not believe it ever entered into the thoughts of the plaintiffs, that they were to be sureties to the acceptor. Nothing at least of that kind has been proved, and we are bound to con-

clude that the understanding of the parties was conformable to the terms of the contract.

This defence we presume has been suggested, as it appears to be sanctioned, by the opinions of a late eminent judge in England sitting at *nisi prius.* But these opinions have been since overruled. Certainly until these decisions of Lord Ellenborough, it never was suggested that the engagement of the acceptor was not absolute to all the previous parties, and that nothing could discharge him but payment, or release. The law merchant of the United States is decidedly against the doctrine on which the appellant has relied, and so also, we are satisfied, is the reason of the thing.— *Bayley on bills,* 121. 2 *Camp. N. P. C.* 185. 3 *ibid,* 362. 4 *Taunton,* 730. 5 *ibid,* 192. 2 *Starkie,* 531. 6 *Cowen,* 484. 9 *Sergeant & Rawle,* 229. 3 *Kent's Commen.* 57.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Hawes & Maybin* for the plaintiffs—*Strawbridge* for the defendant.